IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**KENNETH B. HUNTER,**

        Petitioner,

   v.                            **CIVIL ACTION NO. 5:18-cv-170**
                                              **(BAILEY)**

**JENNIFER SAAD, Warden,**

        Respondent.


**REPORT AND RECOMMENDATION**


On October 11, 2018, the *pro se* petitioner, an inmate at FCI Gilmer, filed this habeas petitioner pursuant to 28 U.S.C. § 2241. [Doc. 1]. On October 22, 2018, the petitioner was granted leave to proceed *in forma pauperis*. [Doc. 8].

On November 21, 2019, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to show cause why the petition should not be granted. [Doc. 10]. On March 2, 2020, th respondent filed a Motion to Dismiss or for Summary Judgment, with supporting memorandum and exhibits. [Docs. 20-21].

On March 19, 2020, the Court issued a Roseboro Notice in which the petitioner was advised of his right to file a response to the respondent's motion. [Doc. 23]. On April 14, 2020, the petitioner filed a response. [Doc. 25].

**I. The Petitioner's Conviction and Sentence**

On June 24, 1987, the petitioner was sentenced in the Superior Court of the District of Columbia to a 50-year (Minimum) to Life (Maximum) with a 40-year Mandatory-Minimum term of imprisonment in Case Number F-4220-86-86BeeEGIKLMN. More specifically, he received a sentence of 20 years to life for First Degree Murder (Count E), 20 years to life for First Degree Murder (Count G) to run consecutive to Count E, 5 years to 15 years for Assault with Intent to Kill (Count L) to run consecutive to Counts E and G, and 5 years to 15 years for Assault With Intent to Kill (Count M) to run consecutive to Counts E, G, and L.

## II. The Pleadings

### A. The Petition

In the petition, the petitioner alleges that the Bureau of Prisons ("BOP") has failed to apply D.C. Old Law, and he is entitled to Good Time Credits on both his minimum and mandatory term. For relief, the petitioner requests that the BOP calculate his time according to D.C. Old Law and reset his parole date according to the corrected calculation. **B. The Respondent's Response**

The respondent contends that because the petitioner was sentenced in the District of Columbia to more than ten years in prison for offense committed before April 11, 1987[1], he is entitled to a deduction in his sentence of ten days each month. However, the respondent notes that the petitioner is only entitled to good conduct time for the non-mandatory minimum portion of his sentence. Therefore, in the petitioner's case, the respondent posits that the petitioner is only entitled to earn good conduct time from the time his forty year mandatory minimum time expires until the end of his total fifty year minimum term, which equates to a ten year period during which the petitioner is entitled to earn good

---

[1]The petitioner's date of offense is May 16, 1985. [Doc. 1-3 at 1].

conduct time. Accordingly, the respondent concludes that the petitioner is entitled to a total of 1200 days of institutional good conduct time. In addition, the petitioner has been awarded 392 days of jail credit and 28 days of educational good time credit and has a projected parole eligibility date of January 15, 2033.

## C. The Petitioner's Reply

The petitioner, in his reply, argues that the respondent's calculation is off by 2520[2] days. He alleges that the calculations performed by the respondent failed to factor in the Statutory Good Time and Educational Good Time.

### III. Standard of Review

## A. Motion to Dismiss

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

## B. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991).

---

[2]The undersigned is unsure how the petitioner has calculated what he alleges is a 2520 day error.

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## IV. Analysis

The Revitalization Act provides that the BOP is responsible for computing the sentences of D.C. offenders housed in BOP facilities. D.C. ST. § 24-101(b). Moreover, such persons are "subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." Id. at § 24-101(a). Therefore, although the BOP is responsible for computing sentences of D.C.

4

offenders housed in its facilities, the District of Columbia continues to control the computation of such sentences.

The District of Columbia Good Time Credits Act of 1986 ("GTCA") was enacted on April 11, 1987.  D.C. Code § 24-428 *et seq.* (1989 Repl).  Prior to the GTCA, neither the District of Columbia nor the federal government allowed good time credits against minimum sentences; good time credit was allowed only against maximum sentences.  Council of the District of Columbia, Report on the District of Columbia Food Time Credits Act of 1986) (Report). The GTCA changed the previous law by allowing good time credits to be applied against minimum sentences.  D.C. Code § 24-428(b).  As originally written, the Act applied only to inmates housed in District facilities and not to those District offenders assigned to federal facilities.[3]   However, in 1991, the Act was amended to extend the application of institutional good time credits to all D.C. Code offenders incarcerated in any prison.  See Franklin v. Ridley, 635 A.22d 356 (D.C. 1993).  The time credited per month depended on the length of the sentence.  Good time credits of five days per month applied to a sentence of "not less than 30 days and not more than 1 year," the shortest term covered.  § 24-428(a)(1).  Credits of ten days per month applied to a sentence of "10 years or more," the longest term covered.  § 24-428(a)(5).

In reviewing the instant petition, it is pertinent to note that the petitioner was convicted

---

[3]D.C. Code § 24-428(a) (1989) provided:
"Every person who is convicted of a violation of a District of Columbia ('District') criminal law in a court in the District of Columbia, imprisoned in a District Correctional facility, and who conduct is in conformity with all applicable institutional rules is entitled to institutional good tie credits in accordance with the provisions of this section."

of crimes that he committed in 1986. Therefore, he was not sentenced pursuant to the GTCA, which applies to offenses committed after April 11, 1987. However, an individual, who committed a D.C. Code violation prior to April 11, 1987, may earn institutional good time credits for the minimum term that overlaps April 11, 1987. [Doc. 1-3 at 5].

However, for sentences imposed on or after April 11, 1987, as was the petitioner's, only the non-mandatory minimum term that makes up all or some of the minimum term imposed by the court may receive good time credit deductions. [Doc. 21-1 at 31]. In the instant case, the petitioner has a minimum term of 50 years, of which 40 years is a mandatory minimum. Therefore, he can only receive good time credit for the portion of his minimum sentence that exceeds the mandatory minimum, which in this case is ten years which entitles him to 1200 days of good time credit.

In addition, the petitioner has been awarded 28 days of projected educational good time credits and 392 days of jail credit. To the extent the petitioner alleges that the respondent has failed to address educational good time credits, he is misguided. Moreover, to the extent that the petitioner is alleging that he is entitled to additional educational good time credits, he has provided no support for that allegation.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or for Summary Judgment **[Doc. 20]** be **GRANTED**, and petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Each party shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet and provide a copy to all counsel of record as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

**DATED**: July 20, 2020

/s James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE